# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1456 | **DATE** | 4/2/2012 |
| **CASE TITLE** | Darryl E. Mickey (2011-0110131) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. The court authorizes and orders Cook County Jail officials to deduct $4.67 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. This case is dismissed pursuant to 42 U.S.C. § 1997e(a). The dismissal is without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (instructing that § 1997e(a) dismissal for failure to exhaust must be without prejudice), and there is no strike assessed under 28 U.S.C. § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). Civil Case Terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Pro se plaintiff Darryl E. Mickey, a Cook County Jail detainee, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), and complaint for an initial review pursuant to 28 U.S.C. § 1915A. (Dkt. No. 1).

    The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 3), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $4.67. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

    Turning to the complaint, plaintiff alleges that he was wrongfully assaulted by the Jail correctional officer defendants. The complaint is dated seven days after the alleged event.

**STATEMENT**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this [T]itle, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). A detainee is required to utilize a jail grievance system before filing a Section 1983 suit so that the jail officials have an opportunity to take corrective action to remedy the problem and be aware of alleged ongoing issues. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Dole*, 438 F.3d at 809; *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

The "failure to exhaust is an affirmative defense under the PLRA, and [] inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, the Court may dismiss a complaint "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous [so that] the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002).

The Cook County Jail requires detainees to exhaust grievances through the jail's internal system. *Brengettcy v. Horton*, 423 F.3d 674, 678 (7th Cir. 2005). The jail has thirty days to respond to the grievance. *Id*. If the initial grievance is denied, the detainee must submit a required appeal to complete the grievance process. *Id*. Here, plaintiff's complaint is dated seven days after the original incident. It is clear that he failed to fully exhaust his claim because the Cook County grievance process takes more than seven days to complete. Plaintiff's failure to exhaust his claim is clear on the face of the complaint.